THE EDDY STREET IRON FOUNDRY *v.* THE FARMERS MUTUAL FIRE INSURANCE COMPANY.

Construction of a fire policy. A renewal policy, issued to an iron foundry company, describing their property insured, consisting of stock, tools, fixtures, cupola, flasks, and patterns, as "situate in the rear of 82 and 84 Eddy Street," construed not to confine the insurance to such property contained in the furnace building of the company, although the application for the original policy did so confine it; the change in the description of the locality of the property to be insured having been made in the renewal policy, at the express request of the insured in their application for it, and being necessary to

adapt the policy to the actual situation of a portion of the insured property, when placed, as usual, in the safe and convenient mode of conducting such business.

Such change, also *held*, for the purpose of testing whether an answer of the insured, in the renewal application "that there had been no alteration in or about the property to be insured material to the risk since the last application" was false, to be a change of *the policy*, and not an alteration *in or about the property insured.*

The renewal policy, thus changed, and, in addition, omitting one subject of the original insurance, a steam-engine,—and distributing the amount to be insured differently amongst the remaining subjects of insurance, *held* also, not to adopt the statement of the value of those subjects as stated in the application for the original policy.

ASSUMPSIT to recover for a loss under a fire policy, effected by the plaintiffs, a manufacturing corporation, with the defendants, by which the latter had insured the former against loss or damage by fire,—

| | |
|---|---:|
| On stock, raw, wrought, and in process, | $150.00 |
| " tools and flasks, | 750.00 |
| " fixtures, cupola, and patterns, | 600.00 |
| In the whole, | $1,500.00 |

The cause was tried at the present term, before the chief justice, sitting with a jury ; and on the trial it appeared, that in the latter part of 1853, the firm of Hawes & Stanley, then carrying on the iron-foundry business at the same place with the plaintiffs, effected a like amount of insurance with the defendants, distributed as follows :—

| | |
|---|---:|
| On stock, manufactured, unmanufactured, and in process, | $150.00 |
| " tools, flasks, machinery, fixtures, and cupola, | 750.00 |
| " patterns and steam-engine, | 600.00 |
| In the whole, | $1,500.00 ; |

that in their application for this policy, being No. 281, they represented the value of their *stock* to be $400; of their tools, flasks, &c., to be $2,500; and of their patterns and steam-engine to be $2,000; and that on a plan or diagram, on the back of the application, representing the situation of the premises in which the subjects of insurance were contained— the body of the application stating them to be situated " on Eddy Street, Providence, southerly side "—was drawn, amongst others, a square, with these words written upon it, " Furnace,

containing property to be insured." This policy being about
to expire, on the 30th of December, 1854, the same firm applied
to the defendants for a renewal, and, in their application for it,
appended to the ordinary printed form for a renewal application
at the defendant's office, a piece of paper, bearing on it this
request :—

"Let the policy read, $150 on stock, raw, wrought, and in
process; $750 on tools and flasks; $600 on fixtures, cupola,
and patterns. Situate in rear of 82 and 84 Eddy Street, Provi-
dence. With liberty for other insurance (not exceeding three
fourths of the value of said property) without notice till re-
quested."

In answer to the question in the application for this policy,—
"Have any alterations been made in or about the property in-
sured, since your last application, materially affecting the risk?
If so, state what,"—the answer of Hawes & Stanley was,
"Boiler and steam-engine have been removed." The second
policy of Hawes & Stanley with the defendants, being No. 412,
was issued, conforming, both in the distribution of the sum in-
sured upon the different subjects of insurance and in the de-
scription of the place in which these subjects were situated, to
the above request appended to the application for it.

Upon the expiry of this policy—Hawes & Stanley having in
the mean time been incorporated by the name of the "Eddy
Street Iron Foundry of Providence"—application was made by
the corporation, through Hawes, their treasurer, for a renewal of
the policy No. 412, issued by the defendants to Hawes & Stan-
ley; the application stating the incorporation of the plaintiffs,
and also stating, that no alteration had been made in or about
the property insured, material to the risk, since the date of the
last application. Upon this application, the policy in suit, No.
619, was issued, conforming in all respects to No. 412, except
that it was issued to "The Eddy Street Iron Foundry of Provi-
dence," instead of, as No. 412, to Hawes & Stanley. The de-
fendants were a mutual insurance company, and their policies
limited their insurance to three fourths of the value of the prop-
erty contained in the application of the insured. The printed
rules and regulations of the company, appended to their poli-

cies, stated, as amongst the "matters which will vacate a policy,"—"or if there shall be an enlargement, alteration, or addition to the premises, of a character increasing the risk,"—"or, if the state of things in or about the buildings insured be so altered, or changed, by the advice, consent, or procurement of the assured, as to cause a material increase of risk,"—as well as unfair representations or concealment of facts material to the risk. The loss by fire took place in January, 1856, and was confined to property contained in a store-house on the premises of the plaintiffs in the rear of 82 Eddy Street, and not in the furnace building; the property, consisting of flasks and patterns, being stored for use. It was in proof, that this species of property was not usually, and could not be conveniently or safely, kept in the furnace building, except when in immediate use; but was at other times stored or deposited elsewhere, to be out of the way and safe from injury. The "furnace" of the plaintiffs was directly in the rear of No. 82 Eddy Street. The whole premises occupied by them as iron founders were well described, as in the rear of Nos. 82 and 84 Eddy Street. Upon these facts, the defendants requested the judge presiding at the trial to instruct the jury, that the loss was not within the policy, which, construed in connection with the original policy No. 281, and the renewal policy No. 412, and their respective applications, confined the insurance to property contained in the furnace building, and did not embrace property contained in the store-house burnt, although situated upon the premises of the plaintiffs in the rear of Nos. 82 and 84 Eddy Street, Providence. The judge refused to give this instruction, but did instruct the jury, especially if they found that property of the kind injured or destroyed was not usually, and could not be safely and conveniently kept, when not wanted for immediate use, in the furnace building, to construe the policy—taking it in connection with the renewal application and policy No. 412 —as embracing all property of the plaintiffs, of the kind injured, situated on their premises in the rear of Nos. 82 and 84 Eddy Street, Providence; and in view of the answer of Hawes & Stanley to the question in that application, "that there had been no alteration in or about the property material to the risk

since the date of their last application," and that all facts might be found which the full court might deem material to the case, also directed the jury, specially to find, " if it was material to the risk, whether the property, described in the policy as the subject of insurance, was kept in the furnace building, or was kept, at the option of the plaintiffs, partly in the furnace building, and partly outside said building, and partly in the buildings in the rear of Nos. 82 and 84 Eddy Street, occupied by the plaintiffs."

The counsel for the defendants having also argued to the jury, from a comparison of the value of the property of the kind insured, as stated in the application of Hawes & Stanley for the original policy No. 281, with that stated in the preliminary proofs of loss under the policy sued, that the latter either grossly exaggerated the value of the property lost, or, that it was evident, from the large increase of the value of the property of this kind at the time of the loss, that the application for policy No. 281, which, as to value, was adopted by the application for the renewal policy No. 619, contained a misrepresentation of the value at the time of effecting the policy sued, material to the risk,—the presiding judge instructed the jury, "that the statement in the application for policy No. 281, as to the value of the property then to be insured, taken in connection with the statements in the applications for the policies Nos. 412 and 619, as to there having been no alteration in or about the property insured materially affecting the risk since the last application, was not to be used as an admission or statement of the plaintiffs as to the value of the property upon which insurance was effected by policy No. 619."

Under these instructions, the jury returned a verdict for the plaintiffs for the sum of $1,348.28, the value of the property lost, not exceeding three fourths of the value of the property described in the plaintiffs' application, and also specially found, " that it was not material to the risk, in said case, whether the property, described in the policy as the subject of insurance, was kept in the furnace building, or whether it was kept, partly in the furnace building and partly outside of said building, and partly in other buildings in the rear of Nos. 82 and 84 Eddy

Street, occupied by said plaintiffs, at the option of the insured."

The defendants now moved for a new trial, alleging that the above instructions were erroneous.

*Bradley*, in support of the motion :—

1st. The general rule, in the construction of the terms of an application, in the case of a mutual insurance company, is, that it is a part of the contract, that the representations, upon which the insurance is effected, are true and correct; that the company may rely upon them; and that they must be taken to be material, because the parties have made them so by their contract. *Wilson* v. *Conway Mut. Fire Ins. Co.* 4 R. I. 156; *Davenport* v. *New Eng. Mut. Fire Ins. Co.* 6 Cush. 340; *Smith* v. *Bowditch Mut. Fire Ins. Co.* Ib. 448; *Hayward* v. *New Eng. Mut. Fire Ins. Co.* 10 Ib. 444; *Wilbur* v. *Bowditch Mut. Fire Ins. Co.* Ib. 447; *Packard* v. *Agawam Mut. Fire Ins. Co.* 2 Gray, 334; *Burt* v. *People's Mut. Fire Ins. Co.* Ib. 397; *Welcome* v. *People's Eq. Mut. Fire Ins. Co.* Ib. 480; *Miles* v. *Conn. Mut. Life Ins. Co.* 3 Ib. 580; *Lee* v. *Howard Ins. Co.* Ib. 583; *Sheldon* v. *Hartford Ins. Co.* 22 Conn. 235; *Burritt* v. *Saratoga County Mut. Fire Ins. Co.* 5 Hill, 188. The value stated in the application is conclusive. *Borden* v. *Hingham Mut. Fire Ins. Co.* 18 Pick. 523; *Holmes* v. *Charlestown Mut. Fire Ins. Co.* 10 Met. 211. For the English rule, in the construction of the terms of representations made by the insured, see *Fitzgerald* v. *Anderson,* 24 Eng. L. & Eq. 1; *Glen* v. *Lewis,* 20 Ib. 364; *Sillem* v. *Thornton,* 26 Ib. 238.

2d. An application for a renewal policy is understood by the parties, and is consequently to be construed by the court, as but a continuation of the original application; it adopts all the representations of the original, unless some intervening change has been stated. A renewal application, which refers to a preceding application, refers to and includes all that is legally included in said application.

3d. The plaintiffs, in their application No. 619, adopt the application No. 412, by Hawes & Stanley, as their own. They call it "theirs." They obtain the policy upon the faith of such adoption, and are estopped from denying it.

4th. The application No. 412 refers to and adopts the application No. 281 ; so that application No. 619, including No. 412, includes also No. 281.

5th. On the first exception, the statement of value in application No. 281 is an admission, adopted by the plaintiffs, and should have been allowed to pass in evidence to the jury. The cases above cited consider it conclusive as to the value.

6th. On the second and third exceptions, the description of the location of the property contained in application No. 281, is clearly a description of the furnace building only. See answers to questions 2 and 3 in application.

7th. The description in the policy, inserted by request made in application No. 412, is not inconsistent with the description given in answers 1, 2, and 3 of application No. 281. The policy refers to the application. They should be construed together, and meaning given to the terms of each; and hence, the property insured was property in the furnace building, or immediately adjacent, and not property in an entirely separate building.

*J. Eddy* and *T. A. Jenckes*, against the motion:—

1st. The court rightfully excluded the statements in the application for policy No. 281, as the admissions of the plaintiff corporation as to the value of the property then to be insured, because the plaintiff corporation was not in existence at the date of said application, and therefore neither made the same, nor adopted them when made. This ruling should be taken in connection with another ruling made by the court, that the statements in said application concerning the situation of said property, so far as the same were ratified and not altered by the application on which the policy in suit was founded, might be taken into consideration by the jury, upon the question that was put to them concerning the materiality of the risk.

2d. The rightful construction of the policy in suit, taken in connection with the previous policy and applications, extends the risk to all the property of the nature described, belonging to the plaintiff corporation, which was situated, at the time of the loss, upon the premises in the rear of 82 and 84 Eddy Street, occupied by plaintiff corporation, for the purpose of carrying on

its business, whether said property, at the time of the loss, was in the furnace building, or in any other building on said premises, or outside of and around said buildings, and upon land occupied by the plaintiff corporation, as described.

AMES, C. J.    We are all satisfied that neither of the causes alleged by the defendants in their motion, afford them ground for a new trial.    Granting, that policy No. 281, effected by Hawes & Stanley with the defendants, by reference to the plan on the back of the application, described the property to be insured as all contained in the furnace building, yet the application for the renewal policy No. 412 expressly requests that the policy should read, as when issued it did read, as to the locality of the property, " situate in the rear of 82 and 84 Eddy Street, Providence,"—a description far more inclusive, and covering, as we construe it, the whole premises occupied by the plaintiffs in their business as iron founders.    The rear of the two numbers just mentioned covered those premises, whereas the furnace building was properly in the rear of only one of them.    Besides, some of the things insured—as stock, patterns, and flasks—must, from the necessities of the business, and would most safely, be, in great part, and so far as not wanted for immediate use, elsewhere than in the furnace room ; and construing the above change of the language of the renewed policy, as applied to the necessary locality of the subjects of insurance, we cannot doubt that it was the understanding of both parties to the contract, that this wider range for the locality of the property should be allowed to the insured, and should describe the property included within the risk.    It is true, that when asked, in the application for policy No. 412, " Have any alterations been made, in or about the property insured, since your last application, materially affecting the risk ? if so, state what," the insurers reply nothing concerning any change of locality, but merely " boiler and steam-engine have been removed."    There probably had been, in fact, no change in the actual locality of the property belonging to the insured, of the kind mentioned, since the date of their last policy ; the change being rather in the policy itself, to make it cover all of their property of this kind, wherever it might chance to be on their

premises, according to the necessities or conveniences of their business; instead of confining the risk, as in the last policy, to such property in the furnace building. This, too, is a full answer to the objection, that the greater inclusiveness of the renewed policy, by materially increasing the risk, falsified the answer to the question in the renewal application relating to a change with that effect in or about the property insured; the change being, not in the property, but in the policy itself. But, if this were not so, to save all question on this head, the jury have specially found, that it was not material to the risk, whether the property insured was kept in the furnace building, or, at the option of the plaintiffs, partly in that building and partly outside of said building, and partly in other buildings in the rear of Nos. 82 and 84 Eddy Street, occupied by the plaintiffs. The policy sued, No. 619, issued to the plaintiffs, is in renewal of policy No. 412, issued to Hawes & Stanley; they having, in the mean time, been incorporated by the name of " The Eddy Street Iron Foundry." It pursues the same language, describing the locality of the property to be insured in the same words as the next preceding policy, and is free from all suspicion, looking at the answer of the insured to the above question as to change in or about the property to be insured; inasmuch, as it is not pretended that there was any change, either of property or policy, materially affecting the risk or otherwise, " since the date of the last application."

The other cause for a new trial, alleged in the motion, that the presiding judge excluded the statement in policy No. 281, as to the value of the property by that policy insured, as evidence of the value of the property insured upon the second renewal policy No. 619, upon which the action was brought, is equally groundless, as such cause. As we have seen, the two latter policies were changed, as to the description of the locality of the property to be insured, for the express purpose of covering more property than was kept in the furnace building. Between the dates of the first policy and of the first of the two last, the engine and boiler had been removed, and ceased to form a part of the property insured. Accordingly, the same amount of insurance, $1,500, was distributed differently between the sub-

jects of insurance in the two last policies, from what it had been in the first. Thus, in policy No. 281, the amount insured on " tools, flasks, machinery, fixtures, and cupola," was $750 ; whereas, in the two last policies, this amount was insured on " tools and flasks" alone. In the first, $600 was insured on " patterns and steam-engine;" whereas, in the two last, the same amount was insured on " fixtures, cupola, and patterns." This change of distribution points to change in the value of the different subjects of insurance, if indeed this latter change were not necessarily to be implied from the nature of the plaintiffs' business, and of the subjects of their insurance. Under such circumstances, how can it be imagined that the plaintiffs adopted, or were supposed by the defendants to adopt, in the policy sued, which contains no statement of the value of the property insured, the statement of values given in policy No. 281, effected by Hawes & Stanley two years before ?—the same values to be applied to different property, and described, that the policy might embrace more property, as situated anywhere on the premises of the plaintiffs in the rear of Nos. 82 and 84 Eddy Street, and not confined in locality, as under the original policy, to their furnace building! It is plain, therefore, that the plaintiffs did not adopt, and could not have been supposed by the defendants to have adopted, in their renewal policy, now sued, the statement of values in the original policy of Hawes & Stanley; and in every view, and for every purpose, that this statement was no evidence against them of the value of their property insured, either at the date of their policy, or at the time of the loss.

*This motion must be denied, with costs, and judgment be entered upon the verdict.*